IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN DAVID DANNEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 21-cv-857-DWD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**DUGAN, District Judge:**

On April 28, 2021, Petitioner Benjamin David Danneman, an inmate in the custody of the Bureau of Prisons who is incarcerated at USP-Marion within the Southern District of Illinois, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Missouri. On July 26, 2021, the instant action was transferred to this Court, and it is now before the Court for preliminary review pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, which can be applied to § 2241 petitions pursuant to Rule 1(b). Rule 4 directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

Danneman's petition seeks review of the BOP's security classification. He explains that he has been classified as having the most severe public safety factor, and it is preventing him from being able to go to a lower-security institution. A § 2241 petition by

a federal prisoner generally is the proper vehicle for challenges to the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). The Seventh Circuit has explained that a habeas corpus petition is proper "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation … ." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Changes in a prisoner's security level classification, however, cannot be attacked through a § 2241 petition because they do not present an opportunity for a quantum change in the level of custody. *See Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002); *Graham*, 922 F.2d at 381; *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999)(noting that a quantum change in custody involves "seeking to 'get out' of custody in a meaningful sense").

Here, Petitioner seeks a change in security level classification as opposed to a quantum change in the level of his custody, and this claim is not cognizable through a § 2241 petition. Accordingly, the petition for writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice**. Petitioner's motion for leave to proceed *in forma pauperis*, which was granted in the Eastern District of Missouri subject to modification by this Court, is **GRANTED**. Petitioner is relieved of his duty to pay a filing fee in this action. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

**SO ORDERED.**

Dated: July 28, 2021

_____
DAVID W. DUGAN
United States District Judge